# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MARIO WILLIAMS, )
)
           **Plaintiff,** )
)
vs. )       **Case No. CIV-11-195-JHP-SPS**
)
ROBERT EZELL, *et al.*, )
)
           **Defendants.** )

## <u>OPINION AND ORDER</u>

This matter comes before the court on the plaintiff's motion for appointment of counsel (Doc. # 97). This court has previously denied plaintiff's motion for appointment of counsel and plaintiff complains because the court did not explain its reasoning behind said order. For the reasons set forth below, this court denies plaintiff's motion for appointment of counsel.

In the case of an indigent plaintiff, the court has discretion to appoint an attorney to represent the plaintiff where, under the totality of circumstances of the case, the denial of counsel would result in a fundamentally unfair proceeding. *McCarthy v. Weinberg,* 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "'if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *McCarthy,* 753 F.3d at 838).

After reviewing the merits of the plaintiff's case, the nature of the factual issues involved, the plaintiff's ability to investigate the crucial facts, the probable type of evidence, the plaintiff's capability to present his case, and the complexity of the legal issues, *see Rucks*, 57 F.3d at 979 (cited cases omitted); *see also McCarthy*, 753 F.2d at 838-40; *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981), the court denies the plaintiff's motion for appointment of counsel (Doc. # 97) without prejudice to being reasserted after the completion of discovery and the disposition of any dispositive motions.

It is so ordered on this 22nd day of June, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma