# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIO WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 11-195-JHP-SPS |
| ) | |
| ROBERT EZELL, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff appealed the court's Opinion and Order dismissing this action for failure to exhaust administrative remedies (Docket No. 153). The Tenth Circuit Court of Appeals reversed and remanded the grant of summary judgment in part for further proceedings concerning plaintiff's claims arising in February 2011. *Williams v. Ezell*, No. 13-7025, slip op. at 8 (10th Cir. Aug. 7, 2013) (Docket No. 164). The remaining defendants in plaintiff's second amended complaint (Docket No. 175), all officials at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, are Warden Robert Ezell, Assistant Warden Martin, Hearing Officer Sgt. Robinson, and Case Manager Barlow.

Plaintiff alleges that on February 7, 2011, Defendant Barlow attempted to cell plaintiff with a homosexual inmate, allegedly hoping plaintiff would be sexually assaulted. Then on February 11, 2011, Barlow tried to cell plaintiff with an inmate who was known to be a worshiper of the church of Satan and to have a serious mental illness. Although plaintiff has a medical restriction for the bottom bunk, prison staff would not move this second potential cellmate from the bottom bunk. Plaintiff refused both cell assignments and was taken to the facility's segregation unit.

While housed in the segregation unit, plaintiff was denied his personal property for four days. He also allegedly was denied access to his legal papers, was allowed only two showers, and had headaches and sleepless nights when the lights were on 24 hours a day. When he was allowed to exercise, he went outside, barefoot and without a shirt in cold weather. He claims he received two "false" misconducts for the February 11, 2011, incident with Defendant Barlow, and he was not allowed to appeal because Barlow told another officer to take plaintiff's materials. Plaintiff apparently did appeal later, and Defendants Martin and Ezell reviewed and affirmed the disciplinary proceedings.

Plaintiff also complains that Defendant Barlow retaliated against him for filing a grievance alleging Barlow had attempted to put plaintiff in a harmful situation by giving him an unfavorable classification, threats, segregation, disciplinary charges, confiscation or destruction of property, interference with medical care, shelter, and access to the courts. Plaintiff further claims Barlow failed to follow DOC housing policy regarding forced moves and plaintiff's bottom bunk restriction. Defendant Robinson allegedly failed to weigh the evidence of plaintiff's need for a bottom bunk with DOC's housing policy. Further, Defendants Ezell and Martin failed to curb the pattern of Barlow's retaliatory abuse of inmates.

The defendants allege, among other things, that plaintiff has failed to exhaust the administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be

dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).  In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties.  *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally.  If that is unsuccessful, he may submit a Request to Staff (RTS).  If the complaint still is not resolved, he then may file a grievance.  If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) or the Chief Medical Officer.  The administrative process is exhausted only after all of these steps have been taken.  Likewise, CCA/DCF Policy 14-5.4(F)(3) states that grievable matters include: individual staff and inmate/resident actions, including the denial of access to the informal resolution or grievance processes. Plaintiff, however, makes an unsubstantiated claim that he has not been allowed to use the CCA grievance system.  The relevant grievance records from the special report are set forth below:

**Grievance No. 2011-004**, filed with DCF on January 10, 2011.  The subject was a staff complaint requesting, "stop the campaign of harassment" and "stop punishing me for offenses I've already been punished for according to DOC Policy."  The grievance was returned unanswered, noting an issue with the informal resolution. Plaintiff was complaining

about CCA staff, so the grievance should have been submitted on CCA forms. The memo returning the grievance instructed plaintiff to resubmit by attaching a completed informal resolution form (14-5A).

**Grievance No. 2011-005**, filed with DCF on January 10, 2011. Plaintiff asserted he was being denied time outside his cell and regular showers. It was returned unanswered, noting an issue with the informal resolution. Because plaintiff was filing a grievance concerning CCA staff, it should have been submitted on CCA forms. The memo returning the grievance instructed plaintiff to resubmit by attaching a completed informal resolution form (14-5A).

**Grievance No. 2011-1220**, filed as an emergency grievance with the DOC ARA on February 28, 2011. The grievance asserted he had received no response to another grievance concerning his property and access to the courts. DOC determined the matter was not an emergency and returned the grievance. Plaintiff was issued a grievance restriction extension for his continued grievance system abuses.

**Grievance No. 2011-1361**, filed as an emergency grievance with DOC ARA on February 16, 2011. The grievance asserted plaintiff was being celled with the satanic church member. The grievance was determined not to be an emergency and was returned unanswered. In addition the ARA noted that plaintiff was on grievance restriction, the grievance was not properly filed, and it contained more than one issue. Plaintiff did not correct and resubmit a proper grievance.

**Grievance No. 2011-031**, filed with DCF on March 22, 2011. Plaintiff claimed he had not received a response from his unit manager. The grievance was returned unanswered on April 15, 2011, with a notation that no informal resolution had been attempted, and the

4

grievance contained multiple issues. Plaintiff filed an appeal on April 22, 2012, and the grievance coordinator found he had not corrected the identified deficiencies.

**Grievance No. 2011-109**, filed with DCF on April 28, 2011. Plaintiff attempted to appeal a misconduct, but it was returned unanswered. It also was filed as an emergency grievance but was determined not to be an emergency. Plaintiff did not resubmit the grievance through the standard grievance process.

After careful review, the court finds plaintiff has failed to exhaust the administrative remedies for his claims. Therefore, his amended complaint must be dismissed.

**ACCORDINGLY,** the defendants' motion to dismiss (Docket No. 186) is GRANTED, and Defendants Ezell, Martin, Robinson, and Barlow are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust the administrative remedies for his claims against them in the second amended complaint. Furthermore, this action is DISMISSED in its entirety. Based on the court's prior dismissal of certain claims on the merits (Docket No. 153), the dismissal of the case shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

DATED this 30th day of September 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma